IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROBERT S. HERREID, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | Civil Action No. _____ |
| § | |
| THE HARTFORD LIFE AND ACCIDENT § | |
| INSURANCE COMPANY § | |
| Defendant. § | |

COMPLAINT

Plaintiff, for his Complaint against Robert S. Herreid, would show as follows:

Parties, Jurisdiction and Venue

1. Plaintiff is an individual.

2. Defendant is a corporation and may be served through its registered agent for service of process in Texas, CT Corporation 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140.

3. Jurisdiction is proper on the ground of the existence of a federal question under 28 U.S.C. § 1331 based on Plaintiff's claim under the Employee Retirement Income Security Act, 29 U.S. C. §1001 et seq. ("ERISA").

4. Venue is proper.

Facts

5. Prior to 2019, Plaintiff was employed as an Information Technology Services Project Manager with DXC Technology, and then through its successor, Computer Sciences Corporation. Through such employment he was covered by a long-term disability benefit policy, and also a long-term disability benefit policy subject to ERISA administered and insured by

Defendant numbered ("LTD policy").

6. As of September 6, 2019, Plaintiff could no longer work because of anxiety, dysphoria, sleeplessness, high blood pressure, feeling of being overwhelmed, inability to function normally, all amounting to a psychiatric disability, as well as back pain requiring surgery, and sought long-term disability benefits through the policy of his employer.

7. By letter dated June 4, 2020, Plaintiff was advised his long-term disability benefits claim was being denied because Plaintiff's file with Defendant did not show that he met the definition of disability under the LTD policy as of March 5, 2020.

8. Plaintiff subsequently, through counsel, by letter dated February 24, 2021, appealed the denial of long-term disability benefits under the LTD policy. By such appeal, Plaintiff asserted that Plaintiff's claim for long-term disability benefits under the LTD policy, to the extent dependent on Plaintiff's back pain, was inconsistent with substantial medical records of Plaintiff provided to Defendant, and also contrary to an opinion by a reviewer of Plaintiff's medical condition employed by, or retained by, Defendant. Plaintiff also asserted that Plaintiff's claim for long-term disability benefits under the LTD policy as to the extent dependent on Plaintiff's psychiatric disability, was inconsistent with substantial medical records of Plaintiff provided to Defendant, and also, insupportable for lack of any stated basis for a conclusion of a review of Plaintiff's psychiatric condition employed by or retained by, Defendant that Plaintiff lacked any psychiatric impairments.

9. By letter dated September 24, 2021, despite the February 24, 2021 appeal, long-term disability benefits were still denied on the ground that he did not provide medical evidence that would preclude him from performing his own occupation.

10. The September 24, 2021 denial was improper for the following reasons:

a. The denial was on a different basis than the prior denial.

b. The standard for denial was not that specified in the LTD policy.

11. By its denial letters dated June 4, 2020 and September 24, 2021, Defendant improperly relied upon a definition of disability from that provided for in the long-term disability policy, improperly ignored Plaintiff's medical condition reflected in certain medical records of Plaintiff, improperly misrepresented certain medical records of Plaintiff, improperly dismissed the significance of other medical records of Plaintiff and improperly ignored statements of Plaintiff's impairments.

12. In connection with its disposition of the claim of Plaintiff under the long-term disability policy, Defendant engaged in conduct not consistent with its fiduciary duty to Plaintiff under ERISA and in violation of provisions of ERISA and the claims regulations promulgated pursuant to ERISA, including Section 1133(2) of ERISA, requiring that a participant whose claim for benefits has been denied be afforded a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying his claim, and one or more of the following requirements of 29 CFR 2560.503-1:

a. the requirement of 29 CFR 2560.503-1(b)(3) that the claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers the initiation or processing of claims for benefits,

b. the requirement of 29 CFR 2560.503-1(b)(5) that claims procedures contain administrative provisions or safeguards to insure that any benefit claim determinations are made in accordance with governing plan documents and that plan provisions have been applied consistently with respect to similarly situated claimants,

  c. the requirement of 29 CFR 2560.503-1(b)(7) that all claims and appeals be adjudicated in a manner designed to insure the independence and impartiality of the persons involved in making the decision,

  d. the requirements of 29 CFR 2560.503-1(g)(1)(i)-(iii), (g)(1)(vii)(A)(i)-(iii), and (g)(1)(C) and (D) as to the content of any adverse benefit determination, including providing the claimant in a manner calculated to be understood by the claimant the specific reason or reasons for the adverse determination, reference to the specific plan provisions on which the determination is based, a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary, a discussion of the decision, including an explanation of the basis for disagreeing with or not following the views presented by the claimant to the plan of healthcare professionals treating the claimant and vocational professionals who evaluated the claimant; the views of medical or vocational expert to his advice was obtained on behalf of the plan in connection with the claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination, and a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration, an identification of the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination, or alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist,

  e. the requirement of 29 CFR 2560.503-1(h)(2)(iv) that claims procedures provide for a review that takes "into account all comments, documents, including information necessary for a claimant to perfect his claim and an explanation of why such material is necessary, records and other information submitted by the claimant relating to the claim without regard to whether

such information was submitted or considered in the initial benefit determination,"

  f. the requirement of 29 CFR- 2560.503-1(h)(3)(ii) that any review does not afford deference to the initial benefit determination and be conducted by an appropriate named fiduciary of the plan who is neither the individual who made the adverse benefit determination that was the subject of the appeal, nor the subordinate of such individual,

  g. the requirement of 29 CFR 2560.503-1(h)(3)(iii) that the appropriate named fiduciary shall, if any appeal of an adverse benefit determination is based in whole or in part on a medical judgment, consult with a health care professional with appropriate training and experience in the field of medicine involved in the medical judgment,

  h. the requirement of 29 CFR 2560.503-1(h)(3)(iv) that any medical or vocational experts whose advice was obtained in connection with an adverse benefit determination be identified without regard to whether the advice was relied upon in making the benefit determination,

  i. the requirement of 29 CFR 2560.503-1(h)(3)(v) that any healthcare professional consultant in connection with any adverse benefit determination be an individual who was not consulted in connection with the adverse benefit determination that was the subject of the appeal, nor the subordinate of such individual,

  j. the requirement of 29 CFR 2560.503-1(h)(4) that any new or additional evidence considered, relied upon or generated by the plan, insure, or other person making the benefit determination, or any new or additional rationale, be provided to the claimant sufficiently in advance to enable the claimant to have a reasonable opportunity to respond prior to the issuance of any adverse benefit determination on review,

  k. the requirements of 29 CFR 2560.503-1(j)(1)-(3) as to the manner and content of

any notification of a benefit determination on review, including that notification communicate to the claimant in a manner calculated to be understood by the claimant the specific reason or reasons for the adverse determination and reference to the specific plan provisions on which the determination is based, and

    l.    the requirement of 29 CFR 2560.503-1(j)(6) that any notification of a benefit determination with respect to disability benefits include the following:

        (i)    A discussion of the decision, including an explanation of the basis for disagreeing with or not following:

            (A)    The views presented by the claimant to the plan of health care professionals treating the claimant and vocational professionals who evaluated the claimant;

            (B)    The views of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination, without regard to whether the advice was relied upon in making the benefit determination; and

            (C)    A disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration;

        (ii)    If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of change upon request; and

        (iii)    Either the specific internal rules, guidelines, protocols, standards or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

    13.    Based on the terms of the LTD policy, Defendant's June 4, 2020 and February 24, 2021 denials of benefits to Plaintiff under the long-term disability policy are subject to de novo review and, so reviewed, must be determined to have been wrong. Alternatively, based on Defendant's violation of one or more requirements of 29 CFR 2560.503-1, such denials of benefits under the policy are subject to de novo review and, so reviewed, must be determined to have been

wrong. Alternatively, based on the application, pursuant to 29 U.S.C. § 1144(b)(2)(A), of Section 1701.062 of the Texas Insurance Codes and Title 28, Part 1, Chapter 3, Subchapter M, Rules 3.201(c), 3.1202 and 3.1203 of the Texas Administrative Code, 28 Texas Administrative Code 3.201 et seq., such denials are subject to de novo review and, so reviewed, must be determined to have been wrong. Again, in the alternative, in the event such denials are subject to review only for abuse of discretion, Defendant, to the extent of any such discretion, abused it.

## Claims

14. For his first cause of action, Plaintiff would show that Defendant wrongfully denied benefits to him under the long-term disability policy. Defendant is accordingly liable under Section 1132(a)(l)(B) of ERISA for all benefits due but not paid to Plaintiff under the long-term disability policy, prejudgment interest thereon and his attorney's fees and expenses and costs of court.

## Alternative Relief on ERISA Claim

15. In light of Defendant's violation of one or more requirements of 29 CFR 2560.503-1, remand of Plaintiff's claim against Defendant under ERISA for further administrative review may be appropriate prior to full adjudication by this Court of Plaintiff's claim, and Plaintiff accordingly reserves the right to seek remand.

WHEREFORE, Plaintiff prays this Court grant his judgment against Defendant for all appropriate relief.

          Respectfully submitted,

          /s/ Robert E. Goodman, Jr.
          Robert E. Goodman, Jr.
          State Bar No. 08158100
          reg@kilgorelaw.com
          Kilgore & Kilgore, PLLC
          3109 Carlisle Street
          Dallas, Texas 75204
          (214) 379-0823
          (214) 379-0840 (telecopy)
          COUNSEL FOR PLAINTIFF